## JOSIE E. YARROW v. P. F. GERGEN.[1]

### April 26, 1907.

### Nos. 15,137—(83).

Appeal by defendant from a judgment of the district court for Wilkin county entered pursuant to a verdict in favor of plaintiff directed by Flaherty, J. Affirmed.

*Lewis E. Jones,* for appellant.
*Robert J. Wells* and *F. H. Peterson,* for respondent.

PER CURIAM.

Action in replevin to recover possession of certain personal property, viz., a building and some barber shop furniture.

Appellant justified by alleging that he took possession of the property as sheriff under and by virtue of a writ of execution issued against W. E. Yarrow, husband of respondent. H. S. Yarrow intervened, claiming to be owner of and entitled to the property. The answer of appellant alleged that W. E. Yarrow was in possession of the property, and was using and occupying the same as a barber shop in the name of W. E. Yarrow, and denied that the property was worth more than $175. In the absence of any evidence to the contrary, this answer will be deemed an admission on the part of appellant that the property he took possession of under the writ was the identical property described in the complaint. Respondent's reply to the answer admitted that at the time of the levy of the writ W. E. Yarrow was in possession of the property, but denied that he was the owner.

The intervenor testified at the trial that he was the owner of the property, and sold it to respondent, and delivered the same into her possession, and that W. E. Yarrow worked in the shop and used the property. There is no testimony to the effect that W. E. Yarrow ever acquired any title to the property from respondent, and the mere fact that he was working in the building and using the furniture was not, in itself, conclusive evidence that he was the owner. So far as appellant is concerned, it was immaterial whether the legal title to the property had actually passed by bill of sale from the intervenor, H. S. Yarrow, to respondent. The intervenor treated the transaction as being complete, and that title had vested in respondent.

This action was commenced upon that theory, and, unless W. E. Yarrow was in fact the owner, appellant could not take advantage of any irregularity in the transaction by which the property was transferred to respondent. The court was justified in directing a verdict for respondent.

Judgment affirmed.

[1]Reported in 111 N. W. 1135.